IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>  )<br>CHARLES VACCARO,  )<br>  )<br>  )<br>Defendant.  )<br>  )<br>  )<br>  )<br>  ) | CASE NO. 1:20CR392<br><br>JUDGE SOLOMON OLIVER, JR.<br><br><br>**DEFENDANT CHARLES VACCARO'S UNOPPOSED MOTION TO CONTINUE TRIAL DATE AND PRETRIAL DEADLINES AND TO DESIGNATE THIS CASE COMPLEX PURSUANT TO 18 U.S.C. § 3161(h)(7)(B)(ii)** |

Defendant Charles Vaccaro (hereinafter, "Mr. Vaccaro" or "Defendant"), through his undersigned counsel, respectfully moves this Court for a continuance in this case of the trial dates and all pretrial deadlines, including all pretrial motions and trial document due dates (hereinafter, this "Motion"). For the reasons set forth herein, Mr. Vaccaro respectfully requests this Motion be granted, and the Court set a trial date in or about April 2021, with all corresponding pretrial deadlines consistent therewith.

**I.    BACKGROUND**

On July 23, 2020, a federal grand jury indicted Mr. Vaccaro and others for alleged acts that occurred, according to the Indictment, in January 2014 and continuing through July 2019. (Doc. 21.) The trial in this case is currently scheduled for October 1, 2020. (Doc. 25.) The final pretrial is scheduled for September 16, 2020, and pretrial motions are due in nearly two and half weeks—on August 31, 2020, with responses in opposition due September 14, 2020. (Doc. 25.)

While, according to the current scheduling order, the Government is to have fully satisfied its discovery obligations by Monday, August 17, 2020, the process has not even started. On August

12, 2020, in response to defense counsel's email, Government counsel informed defense counsel the Government intends to propose a joint motion for a protective order regarding certain discovery materials.[1] According to its email to defense counsel, the Government apparently intends to withhold all discovery in the case until the protective order issue is resolved, despite the fact that most of the discovery in the matter would not properly be subject to a protective order in the first place.[2]

Beyond that the defense has received no discovery to date, Government counsel has informed defense counsel the discovery in this case is massive, amounting to over 4TB of electronic data. This is an enormous level of data to sift through, organize and review in order to prepare for trial. To provide the Court with some perspective regarding this amount of data, defense counsel conservatively estimates it would take one person, working full time (40 hours a week) doing nothing but reviewing data, approximately *seven years* to adequately review such material. Thus, the discovery review process in this case will be lengthy and complicated, to say the least. Indeed, a significant extension of time is warranted because of the volume of discovery alone.

The discovery in this matter is not only extremely voluminous, it is complex as well. Defense counsel understands the discovery to contain significant amounts of emails, texts, recorded phone conversations, witness statements and interviews, search warrants and affidavits, bank statements, and dense stock transactional paperwork, among a multitude of other

---

[1] Given the unjustifiable and overly broad protective orders the Government typically seeks, there is likely to be motions practice surrounding this issue alone.

[2] The defense does not concede the Government can, under the United States Constitution, Rules of Federal Criminal Procedure, and applicable rules of professional conduct, simply delay **all** of its significant discovery obligations pending resolution of the narrow issue of a specifically-tailored protective order.

information.[3] The Government has been in possession of these discovery materials since at least July 2019 (when Defendants were originally charged by complaint) and has had over a year to carefully review and analyze the documentation to prepare its case. Allowing defense counsel only a few weeks (or even a few months) – which is now merely a few days – to review and analyze such massive amounts of material would be highly prejudicial and have a severe negative impact on Defendant's ability to mount an effective defense.

Furthermore, all the Defendants and witnesses in this case are located out-of-district and scattered throughout the country, adding significant cost, expense, and challenges to the defense investigation and witness preparation. These difficulties are exacerbated by COVID-19-related issues, which make travel and in-person meetings to review materials significantly more challenging. This not only makes the massive discovery review process more difficult and less efficient, but it also presents significant challenges to trial preparation. Considering all the above, Defendant's request for a continuance until at least April 2021 is certainly reasonable and in the interests of justice.

Beyond the issues related to the nature and volume of the discovery in this matter, the nature and complexity of the charges and potential defenses in this case also heavily favor continuing the trial date into next year. This case involves serious, complex, and novel charges that are detailed in a 56-page indictment. (Doc. 21.) The Government's allegations span more than five years and involve ten co-conspirators, eight nominee co-conspirators, twelve different entities and bank accounts, six publicly traded companies, nine registered/unregistered stockbrokers, various promoters and promotion companies, multiple undercover agents and cooperating

---

[3] For instance, a search warrant executed at Defendant's office in July 2019 seized entire computer hard drives containing thousands of electronic files and other detailed transactional documentation. Defense counsel anticipates that several additional search warrants were executed upon a variety of custodians, likely unearthing millions of documents.

3

witnesses, and a significant number of attorneys who provided legal advice related to these matters. Defense counsel anticipates extensive pre-trial motions practice to address the various complex legal and factual issues involved. Of course, these motions (and the other aspects of the defense) cannot be effectively prepared until the discovery review process is well underway or even completed. Significant additional time is needed than the current scheduling order affords.

Because of the nature and complexity of the charges, the massive volume and nature of the discovery materials, and the location of out of District defendants and witnesses, among other reasons, this case should be given complex case designation pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). The ends of justice served by granting the requested continuance substantially outweigh the interest of the public and these Defendants in a speedy trial. The Government has no objection to this requested relief. To that end, defense counsel has communicated with Assistant U.S. Attorney Alejandro Abreu, and Government counsel has indicated the Government does not oppose this motion. Further, Mr. Vaccaro has consented to this request for a continuance in writing. (*See* Defendant's Consent, attached as **Exhibit A**.)

For these reasons, and good cause shown, Defendant respectfully requests that this Court continue the trial dates and all pretrial deadlines in this case to dates in April 2021 at the earliest in order to afford Defendant and his defense counsel adequate time to mount an effective defense to these charges.

              Respectfully submitted,

              <u>/s/ *Paul M. Flannery*</u>
              Paul M. Flannery (OH: 0091480)
              **Flannery | Georgalis, LLC**
              1375 E. 9th St., 30th Floor
              Cleveland, OH 44114
              Telephone: (216) 367-2094
              Email: paul@flannerygeorgalis.com

/s/ *Christos N. Georgalis*
Christos N. Georgalis (OH: 0079433)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Telephone: (216) 367-2095
Email: chris@flannerygeorgalis.com

/s/ *Alex B. Spiro*
Alex B. Spiro (NY: 4656542)
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7364
Email: alexspiro@quinnemanuel.com

*Attorneys for Defendant Charles Vaccaro*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ *Paul M. Flannery*
Paul M. Flannery

*Attorney for Defendant Charles Vaccaro*