Ex. 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR392 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | **ORDER ALLOWING DISCLOSURE** |
| CHARLES VACCARO, | ) | **OF SEALED MATERIALS AND** |
| DROR SVORAI, | ) | **PROTECTIVE ORDER** |
| DENNIS RUGGERI, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

WHEREAS the United States has moved this Court for an Order permitting the Government to disclose to the Defense Teams (as defined herein) copies of Discovery Material (as defined herein), including the Application, Order and Order to Service Provider for Pen Register Device and/or Trap and Trace Device installed on cellular telephone number 954-383-0734 (1:19MJ9189); the search warrants and supporting affidavits, applications, and returns executed in this case;

WHEREAS the United States has moved the Court for, and Defendants have consented to, entry of a protective order applicable to Discovery Material (defined herein) that is produced in this case;

WHEREAS, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court finds that good cause exists for the entry of a protective order in this case; and

WHEREAS the United States has proposed, and Defendants have not objected to, a procedure that allows for the reasonable use of Discovery Material to allow Defendants to prepare for trial, appeal, and other proceedings in this case.

Ex. 1

IT IS HEREBY ORDERED:

1. As used in this Order,

(a) "Defense Team" shall mean: the Defendant, the Defendant's counsel of record for the Defendant in this case; employees of defense counsel of record (and their associated law firms, if any), in this case; and other personnel engaged or employed by defense counsel of record in connection with this case, including any investigators, experts or interpreters.

(b) "Discovery Material" shall constitute: all documents and electronically-stored information disclosed by the Government to the Defense Team pursuant to Fed. R. Crim. P. 16, as *Jencks* material, or otherwise. Discovery Material does not include: (1) material that the Defense Team did not receive from the Government; (2) material in the possession, custody, control, or otherwise accessible to the Defendant; and (3) material that was seized by the Government from the Defendant prior to the Government's discovery production.

2. Discovery Material shall be used solely for investigative purposes and case preparation related purposes including, but not limited to, pretrial, trial, and appellate proceedings in this action. In no event will the Defense Team disclose Discovery Material to anyone, including the media (excepting any disclosures that may occur during public proceedings at a hearing, trial, or appeal in connection with this matter), except as provided herein.

3. Prior to the disclosure of Discovery Material to the counsel of record, each Defendant and member of the Defense Team shall sign the appropriate attached Acknowledgment, and file the signed Acknowledgment *ex parte* and under seal with the Court. The Court will maintain these Acknowledgements under seal. However, if the Court has reason to believe that a violation of this Order is evident, the Court may then open the sealed Acknowledgements and disclose them to an appropriate investigating authority and counsel for the Defendants.

    4.    A Defense Team member shall not disclose or disseminate any Discovery Material to any Defendant or other Defense Team member unless that individual has signed the appropriate Acknowledgement that has been filed *ex parte* and under seal with the Court. The disclosing Defense Team member and the Government may rely on a representation by the Government or another Defense Team member regarding compliance with this Order.

    5.    In furtherance of its investigation and trial preparation, the Defense Team may disclose Discovery Material to potential witnesses,[1] under the following conditions:

    (a)    Prior to the actual disclosure, a member of the Defense Team must read or summarize the pertinent parts of this Order to the witness, or provide a copy of this Order to the witness, and orally advise the witness of his or her obligation to comply with its terms;

    (b)    The Defense Team will provide a written Acknowledgment filed *ex parte* and under seal with the Court within 72 hours of execution, that the potential witness has been informed of the existence of this Order and that he or she has confirmed to a Defense Team member their understanding and agreement to abide by its terms;

    (c)    The potential witness to whom disclosure is made shall not be permitted to take any notes, otherwise record any information contained in the Discovery Material, or retain Discovery Materials or any copies thereof. The disclosing Defense Team member will make reasonable efforts to ensure compliance with this provision; and

    (d)    Unless such information is that of the individual to whom such materials are to be shown, the Defense Team will redact any social security numbers, names of minor children, dates of birth, addresses, telephone numbers, information of non-indicted persons in the

---

[1] Under this Order, "potential witness" and "witness" shall include any attorney for the potential witness or witness, provided his or her attorney (if any) also agrees to the terms of this Order.

Discovery Material before copies are shown to the witness.  *Provided that*: this provision shall not be read to require the Defense Team to redact audio or video recordings.

6.  Any person to whom a disclosure is made under Paragraph 5 of this Order shall not disclose or convey any information so disclosed to any other person.

7.  In furtherance of its investigation and trial preparation, the Defense Team may ask questions of a potential witness derived from Discovery Material without advising the witness of this Order or otherwise complying with Paragraphs 5 and 6 of this Order.

8.  In furtherance of its investigation and trial preparation, the Defense Team may show a potential witness copies of summary charts, photographs, or business records derived from Discovery Material as long as the conditions of Paragraphs 5 and 6 of this Order are satisfied.

9.  The foregoing Paragraphs 5 through 8 shall also apply to disclosures of Discovery Material to Defendants except that:

(a)  Defense Team members may not provide Defendants with copies of (1) affidavits submitted in support of applications for search warrants, (2) audio and/or video recordings or law enforcement reports of activities of confidential sources, and (3) records (written or recorded) of statements of confidential sources or other anticipated witnesses for the Government, or reports thereof (together, the "Protected Material"), but Defense Team members may provide Defendants with copies of other Discovery Material.

(b) The Defense Team may provide Defendants with access to the Protected Material through a secure internet website that allows for review of the Protected Material *provided that* the website does not allow the Protected Material to be downloaded, copied, saved, or otherwise recorded.

(c) Defendants will be permitted to take notes regarding the Discovery Material, but will not be permitted to take notes concerning the identities or histories of any confidential sources *except* to the extent a Defendant needs to communicate with his/her counsel regarding that information; in such an event, Defendant must destroy the notes concerning the identities or histories of any confidential sources after consulting with his/her attorney.

10. Nothing in this Order shall operate or be construed to operate as restricting any Defendant's right to meaningful communication with his/her defense counsel or to abrogate the Government's duty to provide exculpatory evidence to any Defendant.

11. Nothing in this Order shall prevent the Government or the Defense Team from using Discovery Material, or from referring to or reciting any information contained in such Discovery Material, in connection with any pleadings or motions filed in this action, provided that such material is properly redacted or, if such redactions cannot be readily accomplished, filed under seal.

12. The inadvertent or unintentional disclosure of Discovery Material shall not be deemed a waiver of the confidentiality of such material or other information relating to the same or related subject matter. Upon discovery of inadvertent error with regard to the disclosure, all parties shall to the extent reasonably possible, cooperate to restore the confidentiality of the material that was inadvertently or unintentionally disclosed.

13. Nothing in this Order shall prevent disclosure beyond the terms of this Order if all parties consent in writing to such disclosure or if such disclosure is ordered by the Court.

14. Violations of this Order may be punishable by contempt of court, or by whatever other sanction the Court shall deem just.

IT IS FURTHER ORDERED that the Government may disclose copies the Application, Order and Order to Service Provider for Pen Register Device and/or Trap and Trace Device installed on cellular telephone number 954-383-0734 (1:19MJ9189); the search warrants and supporting affidavits, applications, and returns executed in this case and issued under the following Case Numbers:

| 1:19MJ3215 (Google SW) | 1:19MJ3216 (Oath SW) | 1:19MJ3217 (Microsoft SW) | 1:19MJ3220 (Vaccaro Phone) | 1:19MJ3221 (Svorai Phone) |
|---|---|---|---|---|

which are presently under seal, to each defense counsel of record, who are permitted to share these documents other members of the Defense Team, and with Defendants and potential witnesses in compliance with the terms of this order, and that the orders currently in place sealing such documents will otherwise remain intact.

IT IS SO ORDERED this ____ day of August, 2020.

_____
JUDGE SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

# ACKNOWLEDGMENT
# OF
# PROTECTIVE ORDER

**(Defendant -** *United States v. Charles Vaccaro, et al.***)**

I, _____, hereby state that I fully understand and acknowledge the following provisions:

(1) that, I have reviewed with my counsel and understand the entirety of the Protective Order signed by Solomon Oliver, Jr., Judge, United States District Court in Case No. 1:20CR392;

(2) that, upon reviewing said Protective Order, I have fully discussed the provisions set forth therein with my attorney and my attorney has answered all my questions regarding same;

(3) that, I agree to fully comply with all the provisions of the Protective Order;

(4) that, I understand that this document, in executed form, must be filed *ex parte* and under seal with the Court prior to the disclosure of any Discovery Material in this case to me and prior to any of the disclosures contemplated in the Protective Order;

(5) that, in the event I disclose any such Discovery Material or the substance thereof to any individual or entity outside the scope of, or otherwise in violation of, this Protective Order, I am subject to sanctions to be imposed at the discretion of the Court.

Signature: _____
Defendant

Executed this day, _____.

Ex. 2

# ACKNOWLEDGMENT
# OF
# PROTECTIVE ORDER

**(Defense Team -** *United States v. Charles Vaccaro, et al.***)**

I, _____, hereby state that I fully understand and acknowledge the following provisions:

(1) I have reviewed and understand the entirety of the Protective Order signed by Solomon Oliver, Jr., Judge, United States District Court in Case No. 1:20CR392;

(2) I agree to fully comply with all the provisions of the Protective Order;

(3) I understand that this document, in executed form, must be filed *ex parte* and under seal with the Court prior to my receipt of any Discovery Material in this case and prior to any of the disclosures contemplated in the Protective Order;

(4) In the event I disclose any Discovery Material or the substance thereof to any individual or entity outside the scope of, or otherwise in violation of, this Protective Order, I am subject to sanctions to be imposed at the discretion of the Court.

Signature: _____

Title: _____
_____

Executed this day, _____.

Ex. 3

# ACKNOWLEDGMENT
# OF
# PROTECTIVE ORDER

**(Use with Potential Witness -** *United States v. Charles Vaccaro, et al.***)**

I, [Defense Team Member], hereby state as follows:

(1)  I have reviewed the Protective Order with [Name of Potential Witness] and advised [him/her] of the prohibitions of conveying any Discovery Material to any other person or entity and the consequences of such an unauthorized disclosure contained in the Protective Order signed by Solomon Oliver, Jr., Judge, United States District Court in Case No. 1:20CR392;

(2)  [Name of Potential Witness] has agreed to comply with the applicable provisions of the Protective Order;

(3)  I have advised [Name of Potential Witness] that a document, in executed form, must be filed *ex parte* and under seal with the Court by defense counsel within 72 hours of [his/her] review of any Discovery Material in this case or any other disclosures contemplated in the Protective Order;

(4)  I have advised [Potential Witness] that in the event [he/she] discloses any Discovery Material or the substance thereof to any individual or entity outside the scope of, or otherwise in violation of, this Protective Order, [he/she] may be subject to sanctions to be imposed at the discretion of the Court.

Signature: _____

Title: _____

Executed this day, _____.

Ex. 4