# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR392 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| vs. | ) | |
| | ) | **UNOPPOSED MOTION FOR LEAVE** |
| CHARLES VACCARO, | ) | **TO WITHDRAW AS COUNSEL FOR** |
| | ) | **DEFENDANT CHARLES VACCARO** |
| Defendant. | ) | |

Now comes undersigned counsel, Paul M. Flannery and Christos N. Georgalis, and respectfully move this Honorable Court for leave to withdraw as counsel for Defendant Charles Vaccaro pursuant to Local R. 57.21.

**I.** **FACTUAL HISTORY**

On July 22, 2019, a criminal complaint was filed by the U.S. Attorney's Office for the Northern District of Ohio alleging various securities fraud-related conduct, including wire fraud, securities fraud, and conspiracy. ECF No. 1, 1-1. On July 25, 2019, Mr. Vaccaro engaged undersigned counsel to represent him. The terms of undersigned counsel's representation (including fee terms) are set forth in a written engagement letter to Mr. Vaccaro. Pursuant to the engagement letter and discussions with Mr. Vaccaro, the scope of counsel's representation was to assist Mr. Vaccaro's lead counsel, Alex Spiro, in connection with the above referenced criminal complaint. On July 23, 2020, more than a year after Mr. Vaccaro's arrest, the grand jury issued an Indictment against Mr. Vaccaro and others, alleging violations of securities fraud, wire fraud, and related offenses. ECF No. 21. Pursuant to the Court's September 17, 2020 Order, a 90-day continuance was granted to allow the parties to sort through outstanding discovery issues before

scheduling a trial date. A follow-up pretrial status conference is set for Thursday, December 17, 2020. Given, among other things, the volume of discovery, the issues relating to discovery, and the complexity of the charges it is likely a trial in this matter will not be scheduled until well into 2021.

**II.     LAW AND ARGUMENT**

"The attorney of record may not withdraw, . . . without first providing written notice to the client and all other parties and obtaining leave of Court." Ohio Fed. Dist. Ct. (N.D.), Crim. LR 57.21; *see KCI USA, Inc., v. Healthcare Essentials, Inc., et al.*, 2018 WL 1419447 (N.D. Ohio March 21, 2018). The Sixth Circuit, as well as "every [other] circuit to take up the issue of withdrawal for failure to pay fees has looked to the rules governing professional conduct for guidance." *Brandon v. Blech*, 560 F.3d 536, 537–38 (6th Cir. 2009). *See Rivera-Domenech v. Calvesbert Law Offices PSC*, 402 F.3d 246, 248 (1st Cir. 2005); *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). Rule 1.16(b) of the Ohio Rules of Professional Conduct permit withdrawal of representation of a client when "the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyers' services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." OHIO PROF. COND. RULE 1.16(b). The Rules also provide that an attorney may withdraw from representation when "the representation will result in an unreasonable financial burden on the lawyer." OHIO PROF. COND. RULE 1.16(b)(6).

As this Court is aware from recent proceedings regarding bond, the Government's seizure of Mr. Vaccaro's financial assets has had a severe and negative impact on Mr. Vaccaro's ability to fund his defense. In an effort to obtain the needed financing for attorney's fees, Mr. Vaccaro moved the Court, through counsel, to reduce his bond amount and permit him to sell his yacht.

ECF No. 29. As indicated throughout the pleadings and in open court, without the money from the yacht, Mr. Vaccaro has no reasonably viable way of affording counsel.

Following an October 15th video hearing, the Court ordered the Government and the Defense to confer and submit a finalized proposal regarding the sale of the yacht. Although both parties engaged in good faith efforts to find a viable solution, the discussions have reached a crossroads. Simply put, the Government will only accept financing of the yacht with certain attendant stipulations of which Mr. Vaccaro will not agree. Due to this, accessing the money from the yacht is simply not reasonably possible in the foreseeable future, especially given the disagreements among the parties about the necessary stipulations that would be involved. Because Mr. Vaccaro has been unable to access funds from the sale of the yacht, and there is no viable path in the near future for doing so, he has substantially failed to fulfill financial obligations to counsel. Counsel have informed Mr. Vaccaro on several occasions that he needs to fulfill his financial obligations to counsel for continued representation. Most recently, on December 2, 2020, counsel informed Mr. Vaccaro that he had failed to meet his financial obligations to counsel and that, if these obligations were not fulfilled, counsel would move to withdraw. Since this communication, Mr. Vaccaro has made no sincere efforts, to counsel's knowledge, to fulfill his financial obligations.[1] Prior to the filing of this motion, undersigned counsel provided notice in writing to Mr. Vaccaro that they were seeking leave of court to withdraw as his counsel.

---

[1] Counsel does recognize that Mr. Vaccaro is in a difficult position with nearly all of his resources being either seized or inaccessible. Nevertheless, Mr. Vaccaro does need to meet his financial obligations to his counsel and, despite counsel's patience and reasonableness in seeking to resolve this issue with Mr. Vaccaro, he has been unable to do so and there appears no reasonably viable path to doing so.

3

The withdrawal of undersigned counsel is not made for the purpose of delay and would not be unfairly prejudicial to Mr. Vaccaro or the Government.[2] Mr. Vaccaro still has more than sufficient time to engage new counsel under different terms, or to seek CJA counsel.[3] The trial of this matter is likely to occur sufficiently in the future that new counsel will have more than adequate time to prepare.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Paul M. Flannery and Christos N. Georgalis respectfully request leave to withdraw as counsel for Defendant Charles Vaccaro.

Respectfully submitted,

/s/ *Paul M. Flannery*
Paul M. Flannery (OH: 0091480)
Christos N. Georgalis (OH: 0079433)
**Flannery | Georgalis, LLC**
1375 E. 9th St., 30th Floor
Cleveland, OH 44114
Telephone: (216) 367-2094
paul@flannerygeorgalis.com
chris@flannerygeorgalis.com

*Attorneys for Defendant Charles Vaccaro*

---

[2] Counsel has communicated with Government counsel on the matter, and the Government represented it has no objections to counsel's request to withdraw from the matter.

[3] Counsel understands that Mr. Vaccaro's lead attorney, Alex Spiro, is moving to withdraw as well. Mr. Spiro was moved to admission in this district through undersigned counsel and his role was largely limited to high-level strategic counsel and trial co-counsel if the time came. Mr. Spiro and his firm, Quinn Emanuel, are not in a position to provide Mr. Vaccaro the most effective representation given its more limited role to date before trial. Thus, given that Flannery Georgalis is moving to withdraw, Quinn Emanuel will also be moving to withdraw so that Mr. Vaccaro can engage new counsel in the Northern District of Ohio and have better continuity of representation.

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. A copy of this motion was sent to Mr. Vaccaro via electronic mail. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ *Paul M. Flannery*
Paul M. Flannery

*Attorney for Defendant Charles Vaccaro*