UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 1:20 CR 392 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES VACCARO, *et al.*, | ) | |
| | ) | |
| Defendants | ) | ORDER |

Currently pending before the court in the above-captioned case are Defendant Charles Vaccaro's ("Defendant" or "Vaccaro") Motion to Stay Seizure Warrant ("Motion to Stay") (ECF No. 128) and Second Motion to Amend Bond Conditions ("Second Motion to Amend") (ECF No. 137). For the following reasons, the court denies the Motion to Stay and denies the Motion to Amend Bond Conditions, to the extent that it seeks an order compelling the Government to return Vaccaro's 2001 Azimut Sea Jet (the "Boat") that was seized on August 5, 2021.

**I. BACKGROUND**

On July 22, 2019, Vaccaro was arrested pursuant to a criminal Complaint (ECF No. 1) in the Eastern District of New York. Vaccaro had his initial appearance on that same day, and was released on a one million dollar secured bond (the "Bond"), which was set by a Magistrate Judge in the Eastern District of New York. (Order Setting Conditions of Release and Bond, at PageID #94, ECF No. 4-3.) At that time, the Boat, along with a 2018 Rolls Royce, was used as security for the Bond. (*Id*.) On July 23, 2020, a grand jury in this district returned a 15-count Indictment against Vaccaro

based on his alleged involvement in a conspiracy to commit securities fraud, wire fraud, money laundering, as well as the substantive offenses of securities fraud and wire fraud. (Indictment, ECF No. 21.)

On August 14, 2020, Vaccaro filed a Motion to Amend Bond Conditions ("First Motion to Amend") (ECF No. 29), which asked the court to reduce his Bond to "an unsecured bond of $50,000 to $100,000," and to allow him to liquidate the Boat so that he could pay his legal counsel through the proceeds of the sale of the Boat. (*Id*. at PageID #225.) On August 30, 2020, the Government opposed that motion, asserting that "[w]hile the [Boat] is secured as part of Defendant's bond, the [G]overnment may seek to obtain a seizure warrant for forfeiture." (Gov't Resp. to First Mot. to Amend at PageID #288, ECF No. 38.) In doing so, the Government stated that it believed the Boat was subject to forfeiture because "[b]etween August and September of 2017, Defendant paid a $27,500 down payment and the $238,425 final payment for the yacht was made out of the same Sign N Drive Chase Bank account ending in 5389 that received proceeds of the 2016-2019 POTN stock sales charged in Counts 2–8 and 10." (*Id*.) On October 15, 2020, the court and the parties held a hearing on Vaccaro's First Motion to Amend, in which it was determined that the parties would submit a proposal to the court regarding a proposed sale of the Boat, detailing what assets would be included in any amendment to Vaccaro's bond. However, on December 14, 2020, counsel for Vaccaro informed the court that the parties could not come to an agreement with respect to terms of the sale of the Boat. (Mot. to Withdraw at PageID #359, ECF No. 57.) As a result, counsel for Vaccaro moved to withdraw from the case. (*Id*. at PageID #359–360.)

On March 3, 2021, the court held a hearing on the Motion to Withdraw, and after a brief discussion to ensure a smooth transition of counsel, the court indicated that it would grant Vaccaro's

former counsels' motion. During that conference, Vaccaro's new counsel were present, and agreed to work with the Government on the First Motion to Amend Bond Conditions (ECF No. 29).

On April 29, 2021, the Government filed a Superseding Indictment (Superseding Indictment, ECF No. 78), which added four additional counts and three additional Defendants. Relevant to the pending motions, the forfeiture provision of the Superseding Indictment listed the Boat, among other things, as subject to forfeiture. (*Id*. ¶¶ 99(e).)

On July 29, 2021, the Government obtained a warrant (Seizure Warrant, ECF No. 130-1) to seize the Boat, which was executed on August 5, 2021. Shortly after the Boat was seized, Vaccaro filed a Motion to Stay (ECF No. 128), asking the court to stay the execution of the seizure warrant and to hold a hearing to determine if the Government had probable cause to seize the Boat. (*Id*. at PageID #715–717.) On August 10, 2021, the Government filed its Response in Opposition to the Motion to Stay (ECF No. 130). That same day, Vaccaro filed a declaration (ECF No. 132) in support of the Motion to Stay. On August 11, 2021, the court held a hearing on the Motion to Stay, but reserved a decision on the motion.

On August 24, 2021, Vaccaro filed a Second Motion to Amend Bond Conditions (ECF No. 137), which explained that "[a]fter approximately one year of back and forth between the [G]overnment and [Vaccaro] concerning an amendment to the conditions of his release, the [G]overnment and [Vaccaro] have agreed to, subject to the Court's approval, that [Vaccaro's] bond be reduced to a $200,000 secured bond." (*Id*. at PageID #769.) In the Second Motion to Amend, Vaccaro reiterated his request for the return of the Boat. On September 9, 2021, the Government filed a Response in Opposition to Second Motion to Amend (ECF No. 139), explaining that while the Government did agree to a bond reduction to a $200,000 secured bond, it nevertheless maintains

its opposition to the return of the Boat to Vaccaro. (*Id*. at PageID #800.) The court held a status conference on that same day with counsel for the parties in the within case. During that conference, the court indicated that it would grant the Motion to Amend Bond Conditions, to the extent that sought an order reducing Vaccaro's bond to a $200,000 secured bond. (ECF No. 140.) However, the court reserved a ruling on the Motion to Amend Bond Conditions, to the extent that it seeks an order compelling the Government to return the Boat to Vaccaro immediately. (*Id*.)

## II. LAW AND ANALYSIS

Vaccaro's Motion to Stay the Seizure Warrant proceeds on two separate pathways. First, Vaccaro argues that his Due Process rights were violated because the Boat was seized without affording him prior notice and an opportunity to be heard. (Mot. to Stay at PageID #716, ECF No. 128.) Second, Vaccaro appears to challenge the seizure warrant itself, in his contention that there is "good cause to visit the [g]rand [j]ury's determination of probable cause in the new Indictment as no such probable cause was found concerning the boat, in the first Indictment." *(Id.)* The court will address each argument in turn.

First, the court finds that Vaccaro was not entitled to prior notice or an opportunity to be heard prior to the seizure of the Boat. Indeed, as the Government points out, the Supreme Court addressed this issue in *Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 679 (1976), which held that the government's ex parte seizure of a yacht did not deny the appellants' due process. *Id*.; *see also United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 52 (1993) (discussing *Calero*, and noting that "[w]hether ex parte seizures of forfeitable property satisfy the Due Process Clause is a question we last confronted in [*Calero–Toledo*,] which held that the Government could seize a yacht subject to civil forfeiture without affording prior notice or hearing").

In *Good*, the Supreme Court distinguished *Calero–Toledo* reasoning that the seizure in that case involved personal property, whereas, the seizure in *Good* involved real property—namely, the defendant's house. *Good*, 510 U.S. at 52. In reaching the conclusion that notice and a hearing was required prior to the seizure of real property, the *Good* court explicitly noted that, "[c]entral to our analysis in *Calero–Toledo* was the fact that a yacht was the sort of property that could be removed to another jurisdiction, destroyed, or concealed, if advance warning of confiscation were given." *Id*. Here, just as in *Calero–Toledo*, the contested seizure involves the seizure of a yacht, which the Supreme Court has already determined can be seized without prior notice or an opportunity to be heard, given the "ease with which an owner could frustrate the Government's interests in the forfeitable property." *Id*. Accordingly, the court finds that the ex parte seizure of the Boat was lawful.

The court turns now to the question of whether Vaccaro has established that he is entitled to a pretrial, post-seizure hearing on the probable cause basis for the seizure warrant. As the Government points out, district courts in this Circuit consistently analyze pretrial, post-seizure challenges to a seizure order under the two-prong test established in *United States v. Jones*, 160 F.3d 641, 643 (10th Cir. 1998). *See United States v. Jamieson*, 189 F. Supp. 2d 754, 757 (N.D. Ohio 2002) (applying the *Jones* test to determine whether the defendant was entitled to a probable cause hearing on the court's order freezing his assets); s*ee also United States v. Koher*, No. 3:18-CR-73, 2018 WL 6319895, at *1 (S.D. Ohio Dec. 3, 2018) (relying on *Jamieson* when applying the *Jones* test to address the defendant's challenges to the pre-trial seizure of her assets); *United States v. Wood*, No. 3:15-CR-14-GFVT-REW, 2016 WL 8131240, at *7 (E.D. Ky. Oct. 3, 2016) (same); *United States v. Dortch*, No. 2:17-CR-20155-SHM-11, 2018 WL 1960777, at *3 (W.D. Tenn. Apr. 26, 2018) (same); *United States v. St. George*, 241 F. Supp. 2d 875, 878 (E.D. Tenn. 2003) (same).

Under the *Jones* test, a defendant must show: (1) "that [the defendant] has no funds from which to retain counsel of his choosing or to support himself or his family," and (2) "that there are assets which should not have been covered by the grand jury's forfeiture provisions of the indictment." *Jamieson*, 189 F. Supp. 2d at 757. If a defendant makes both showings, "due process requires a hearing at which the government must establish probable cause to believe that the restrained assets are in fact traceable to the underlying offense." *Id*. at 758.

Applying the *Jones* test to the facts of this case, the court finds that Vaccaro fails to meet his burden to establish that he is entitled to a hearing on the probable cause basis for the seizure warrant. As explained above, the first prong of the *Jones* test requires Vaccaro to show that he has no other assets—other than the seized Boat—to exercise his Sixth Amendment right to retain counsel or to support himself or his family. Here, unlike the First Motion to Amend, Vaccaro does not contend that he needs the Boat to exercise his Sixth Amendment right to counsel. Instead, he argues that the Boat should be returned to him because his "sole source of income," is the fees that he charges for chartering the Boat. (Decl. ¶ 1, ECF No. 132.) However, Vaccaro fails to provide any evidence from which the court could conclude that he lacks assets sufficient to provide for himself or his family. *See Jamieson*, 189 F. Supp. 2d at 757 (discussing the first prong of the *Jones* test and explaining "the district court has the right to inquire into the availability of other assets to meet those obligations; to-wit, does [the defendant's wife] or do other family members or friends have funds which could be made available to the [d]efendant to meet the obligations of retaining counsel and supporting himself and his family"). In fact, the Government has produced evidence to the contrary—namely, the Government informed the court during the hearing on the Motion to Stay that Vaccaro has another luxury yacht, which currently is not subject to forfeiture.

Even if Vaccaro could satisfy the first prong of the *Jones* test, his Motion nevertheless fails because he has not produced any evidence, "which would lead to the Court to believe that there are assets which should not be burdened by the restraining order." *See Jamieson*, 189 F. Supp. 2d at 757. Instead, Vaccaro asserts that "there is good cause to visit the [g]rand [j]ury's determination of probable cause in the [Superseding Indictment] as no such probable cause was found concerning the boat, in the first Indictment." (Mot. to Stay at PageID #716, ECF No. 128.) In response, the Government counters that Vaccaro's argument is "circular" because "what is charged in an indictment is based on what was presented to the grand jury." (Gov't Resp. at PageID #728, ECF No. 130) Further, the Government contends that Vaccaro fails to set forth a "*bona fide* reason to believe that the court—or the grand jury on the Superseding Indictment—erred in finding probable cause to believe that the yacht is subject to forfeiture." (*Id*.) The court agrees. Simply put, Vaccaro has not offered any evidence to met his burden of "showing that there are assets which should not have been covered by the grand jury's forfeiture provisions of the [I]ndictment." *See Jamieson*, 189 F. Supp. 2d at 757. Indeed, a close review of the Motion to Stay and corresponding affidavit reveals that Vaccaro did not argue, nor did he present any evidence, which suggests that the Boat was purchased with untainted funds, and thus, should not have been included in the Superseding Indictment. Accordingly, the court finds that Vaccaro fails to satisfy the *Jones* test, and as such, he is not entitled to a pretrial, post-seizure hearing on the probable cause basis for the seizure warrant.

Having determined that Vaccaro is not entitled to a hearing on the probable cause basis for the seizure warrant, the court pauses to address Vaccaro's argument that the Government's seizure violated his Due Process rights because it was vindictive. (Second Mot. to Amend at PageID #776, ECF No. 137.) The court finds that Vaccaro's argument is not well-taken for the following two

reasons. First, Vaccaro fails to cite to any legal authority which suggests that a prosecutor's purported vindictiveness is a legal basis for overturning a seizure warrant. Instead, Vaccaro relies on cases where the court was examining the defendants' motion to dismiss the indictment for vindictive prosecution. (*See* Mot. to Amend at PageID #776, ECF No. 137 (citing *United States v. Andrews*, 633 F.2d 449, 450 (6th Cir. 1980), and *United States v. Lockhart*, 2013 WL 5652702, at *1 (E.D. Ky. Oct. 16, 2013)).) Specifically, in *Andrews*, the defendants filed a motion to dismiss the conspiracy count of the superseding indictment, asserting that the prosecutor vindictively filed the superseding indictment two days after the defendants were released on bond. *Andrews*, 633 F.2d at 451; *United States v. Andrews*, 444 F. Supp. 1238, 1239 (E.D. Mich. 1978). And in *Lockhart*, the government filed three superseding indictments—which included additional charges against the defendant—two of which were filed after the defendant moved to dismiss the indictment. *Lockhart*, 2013 WL 5652702, at *2. Because Vaccaro has not moved to dismiss any particular counts in the Superseding Indictment and because he has not cited any legal authority that support the proposition that a prosecutor's purported vindictiveness is a valid legal basis for overturning a seizure warrant, the court finds that Vaccaro's argument lacks merit.

Second, even if prosecutorial vindictiveness is a valid legal basis for overturning the seizure warrant, Vaccaro fails to prove either "actual vindictiveness," or establish that there is a "realistic likelihood of vindictiveness," as required by the Sixth Circuit. *See United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005). In *Poole*, the Sixth Circuit explained that "[t]here are two approaches to showing prosecutorial vindictiveness: [a] defendant can show 'actual vindictiveness,' by producing 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights,' or the [c]ourt can find a presumption of vindictiveness by applying the 'realistic likelihood

-8-

of vindictiveness,' standard which focuses on the prosecutor's 'stake' in deterring the exercise of a protected right and the unreasonableness of his actions." *Id*. Here, the clear thrust of Vaccaro's argument is that the fact that he was allowed to keep the Boat for more than two years prior to its seizure coupled with the fact that the Government sought a seizure warrant for the Boat "two days after the [G]overnment responded to [Vaccaro's] request that the Boat be released as security for his Bond and that the seized vehicles likewise be released," establishes that the seizure of the Boat was vindictive. (Second Mot. to Amend at PageID #780–781, ECF No. 137.)

At the outset, the court takes note of the fact that shortly after Vaccaro was indicted by the Grand Jury, the Government expressed its opinion that the Boat is subject to forfeiture because "[b]etween August and September of 2017, Defendant paid a $27,500 down payment and the $238,425 final payment for the yacht was made out of the same Sign N Drive Chase Bank account ending in 5389 that received proceeds of the 2016-2019 POTN stock sales charged in Counts 2–8 and 10." (Gov't Resp. to Vaccaro's First Mot. to Amend at PageID #288, ECF No. 38.) Indeed, as explained above, the Government explicitly stated that "[w]hile the [Boat] is secured as part of Defendant's bond, the [G]overnment may seek to obtain a seizure warrant for forfeiture." (*Id*.) Thus, the court finds that Vaccaro's contention that the Government provided notice for the first time that it intended to seek forfeiture of the Boat in the Superseding Indictment lacks merit. (Second Mot. to Amend at PageID #778, ECF No. 137.) In any event, the court also finds that Vaccaro has not produced any evidence to establish that the Government seized the Boat in order to punish him, nor has he shown that the Government's actions were unreasonable, particularly in light of the fact that the Boat has been listed for sale since at least November 27, 2020. (Gov't Resp. to Mot. to Stay at PageID #730, ECF No. 130.) And while the court recognizes that the Government allowed Vaccaro

to retain the Boat for a substantial period of time, the court also understands the Government's concern relative to the availability of the Boat for forfeiture, given the fact that the Boat may no longer be needed to secure Vaccaro's substantially reduced Bond. Accordingly, the court concludes that Vaccaro has not shown that the Government acted vindictively when it seized the Boat.

### III.  CONCLUSION

For the foregoing reasons, the court denies Vaccaro's Motion to Stay (ECF No. 128) and denies the Second Motion to Amend Bond Conditions (ECF No. 137), to the extent that it seeks an order compelling the Government to return the Boat.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

November 12, 2021