IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-CR-392 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES VACCARO, | ) | |
| | ) | |
| Defendant. | ) | |
| ──────── | ) | |
| | ) | |
| | ) | |
| Re: In the Matter of the Seizure of | ) | |
| | ) | |
| 2001 Azimut 70' Sea Jet Watercraft (Yacht), | ) | |
| Hull ID Number: XAX70058E001, | ) | **REPLY TO RESPONSE (R. 181)** |
| USCG Registration Number: D01102462. | ) | Re: Dinghy/Inflatable |

On October 27, 2021, defendant Charles Vaccaro, through counsel, filed R. 150; a motion for the return of the subject dinghy. The United States filed its Response (R. 154) on November 10, 2021 and a Supplement (R. 179) to the response on April 7, 2022. By a letter addressed to Judge "Simon Oliver, Jr." (R. 181), dated April 18, 2022, defendant Vaccaro responded to the United States' Supplement. By this Reply, the United States seeks to address four issues raised by R. 181. Each of these issues are addressed, in turn, as follows:

  1. First, the subject letter/response (R. 181) should not be considered by the Court because it does not comport with the requirements for documents presented for filing set forth in Rule 49.1 of the Local Criminal Rules for the United States District Court, Northern District of

Ohio. In the letter/response, defendant Vaccaro requests that the Court "consider this letter as a response in lieu of more formal opposition papers." It is respectfully submitted that this Court should decline to do so.

Under Local Criminal Rule 49.1, letters are not an acceptable format for documents presented for filing. Rather, Local Criminal Rule 49.1 provides:

> . . . The formatting requirements described below apply to documents presented on paper. Documents that are filed electronically should follow the same provisions, where applicable.
>
> All documents presented for filing shall be on 8½ x 11 inch white paper of good quality, flat and unfolded, without embossing, watermark, logo, or letterhead, and shall be plainly typewritten, printed, or prepared by a clearly legible duplication process and double-spaced except for quoted material. Each page shall be numbered consecutively.
>
> . . .
>
> The top margin of the first page of each document filed shall be one and a half (1.5) inches for use by the Clerk to permit space for the file-stamp or CM/ECF header without stamping over case information. The title of the Court shall be centered below this 1.5-inch space.
>
> Signatures submitted to the Court shall include the typewritten name, address, telephone number, facsimile number, e-mail address and the attorney's Ohio Bar Registration Number, if applicable.

Clearly, the subject letter/response (R. 181) does not comport with these requirements. The letter/response contains a letterhead and is not double-spaced. Further, the title of the Court does not appear in the document and the signature block contains only the name of counsel for defendant Vaccaro. Although informality has its place, the issue presently before this Court – namely, whether the subject dinghy should be returned to defendant Vaccaro – is not a scheduling or other procedural-type issue that lends itself to informal communications with the Court. Rather, the issue is substantive and should be addressed accordingly.

2. In the "financial information" section of the Supplement (R. 179), the following statement is made by the United States based upon an analysis of records conducted by an FBI forensic accountant:

> Probable cause exists to believe that nearly all [over 96%] of the $26,193,444.29 deposited into **Bank Account 3** was derived from the fraudulent scheme, and consisted of funds transferred from Wilson and Davis, Back Nine Capital LLC, Woodmont Investment Group, L2 Capital LLC, Ramos and Ramos Investments Ltd, River Ridge Partners LP, Green Coast Capital International SA LLC, and Mudai Nakagawa. Each of these entities/individual was engaged in the trading of stocks and was used by Charles Vaccaro in connection with the fraudulent scheme.

As set forth in the Supplement (R. 179), **Bank Account 1** received nearly all of its deposits in bank transfers from Bank Account 3. In March, 2019, Charles Vaccaro wired $28,670.00 from Bank Account 1 to 84 Boatworks to purchase the subject dinghy.

In the letter/response (R. 181), defendant Vaccaro argues – in substance – that because the FBI forensic accountant was able to trace "only" 96% of the $26,193,444.29 deposited into Bank Account 3 back to the fraudulent scheme, he [defendant Vaccaro] theoretically could have purchased the subject dinghy with funds not derived from that scheme.

A nearly identical argument was squarely rejected by the 6th Circuit in the case of *United States v. Smith*, 749 F.3d 465, 488-489 (6th Cir. 2014). In *Smith*, the defendants were convicted of conspiracy to commit mail fraud arising out of their operation of an oil company. On appeal, they challenged the forfeiture of two cashier's checks, totaling $160,649.64, drawn on the oil company's bank accounts, arguing that the checks were not traceable to the scheme to defraud. The 6th Circuit affirmed the forfeiture. To establish that the checks were proceeds of the offense, the panel said, it was sufficient for the government to show that fraud proceeds were deposited into the accounts on which the checks were drawn, and that the value of those deposits "greatly exceeded the amounts payable in the checks."

In the instant case, the subject dinghy was purchased with funds traceable to Bank Account 3. In turn, funds derived from the fraudulent scheme were deposited into Bank Account 3 and the value of those deposits – namely, 96% of $26,193,444.29 - greatly exceeded the purchase price of the dinghy. On these facts – and at minimum under *Smith* - probable cause exists to believe that the dinghy was purchased with proceeds traceable to Count 1 of the Superseding Indictment and, accordingly, is subject to forfeiture to the United States.

3. Third, defendant Vaccaro contends that the United States' Supplement (R. 179) was filed out of time and should be rejected on that basis. This argument brings to mind the old adage of "what's good for the goose is good for the gander." As set forth in the Supplement, between December 30, 2021 and March 18, 2022, defendant Vaccaro filed no less than seven (7) "supplemental letters" concerning his motion for the return of the subject dinghy. Particularly, these supplemental letters were filed on December 30, 2021 (R. 163), January 25, 2022 (R. 166), January 28, 2022 (R. 168), January 31, 2022 (R. 169), February 2, 2022 (R. 171), February 10, 2022 (R. 176), and March 18, 2022 (R. 177). As indicated, the last of these supplemental letters was filed on March 18, 2022, less than three (3) weeks prior to the United States' filing of its Supplement (R. 179). In light of these filings, it would appear to be at least a bit disingenuous on the part of defendant Vaccaro to now argue that the United States' Supplement was filed out of time.

4. Finally, defendant Vaccaro contends in the letter/response (R. 181) that the argument made in the Supplement to the United States' Response (R. 179) could have been raised in the United States' initial Response to Defendant Vaccaro's Motion for the Return of the Subject Dinghy (R. 154). This contention is factually incorrect. Until defendant Vaccaro, through counsel, filed R. 166 – a letter/supplement to the motion for the return of the dinghy –

the United States was unaware of the identifying specifics of the dingy. As noted in the United States' Supplement (R. 179), documentation was attached to defendant's letter/supplement (R. 166) that specifically identified the dinghy as an AB JET 330 with corresponding Vessel Identification Number: MSN45017G819 and Title Number: 132123201. Using this information, the FBI forensic accountant re-reviewed Bank Account 1/Bank Account 3 records and was then able to identify and trace the purchase of the subject dinghy back to those accounts.

**Conclusion.**

Based upon the arguments presented in the United States' Response to Defendant Vaccaro's Motion for the Return of the Subject Dinghy (R. 154), the Supplement to United States' Response (R. 179), and the instant filing, it is respectfully submitted that defendant's motion for the return of the dinghy should be denied.

        Respectfully submitted,

        Kenneth L. Parker
        U.S. Attorney, Southern District of Ohio –
        Acting Under Authority Conferred by
        28 U.S.C. Section 515

By: /s/ James L. Morford .
     James L. Morford (Ohio: 0005657)
     Assistant United States Attorney, N.D. Ohio
     Carl B. Stokes U.S. Court House
     801 West Superior Avenue, Suite 400
     Cleveland, Ohio 44113
     216.622.3743 / James.Morford@usdoj.gov

## CERTIFICATE OF SERVICE

It is hereby certified that on this 21st day of April, 2022, a copy of the foregoing Reply to Response (R. 181) - Re: Dinghy/Inflatable was filed electronically. Notice of the filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

.

/s/ James L. Morford            .
James L. Morford (Ohio: 0005657)
Assistant United States Attorney, N.D. Ohio