IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR392 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES VACCARO, | ) | OPPOSITION TO MOTION TO MODIFY |
| | ) | BOND CONDITIONS |
| Defendant. | ) | |

The United States of America, by and through undersigned counsel, respectfully submits its response in opposition to Defendant Charles Vaccaro's motion to modify the conditions of his release.

The Defendant requests the Court to modify the condition of release limiting his travel to Florida, New York, and Ohio. (R. 248: Motion to Modify Bond Requirements). Defendant argues that he is not a flight risk and that his lack of criminal history and compliance with his bond conditions warrant allowing him to travel to other areas of the United States without Court permission. (*Id.* at PageID 9326). The government's position remains that Vaccaro remains a flight risk and that the condition limiting his travel to certain judicial districts is the least restrictive means to ensure that Vaccaro will continue to appear as ordered—especially as the Parties prepare for trial.

Vaccaro is generally restricted to travel in three states and is currently permitted more leeway than his co-defendants, who are restricted to their home judicial districts and the Northern District of Ohio for court purposes. Suppose the Court is inclined to modify the conditions of his bond. In that case, it should consider clarifying and limiting which districts in

Florida, New York, and Ohio the Defendant is permitted to travel without advance permission so that the travel restrictions align with those imposed on his co-defendants. The Defendant offers no compelling reason for the requested modification, and while the case has been pending for some time now, much of the delay was caused by the Defendant's actions regarding his choice of counsel. The Defendant cannot earnestly contend that asking for permission to travel from the Court is onerous; after all, he has now claimed indigency, so it would be odd that he would have the resources to travel to such an extent that it would be burdensome to request permission to travel repeatedly. The Court should deny the motion.

                                            Respectfully submitted,

                                            REBECCA C. LUTZKO
                                            United States Attorney

By:   /s/ Alejandro A. Abreu
        Alejandro A. Abreu (OH: 0089477)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3620
        (216) 522-2403 (facsimile)
        Alejandro.A.Abreu@usdoj.gov