IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CASE NO. 1:20CR392-1 |
|    Plaintiff, | * | |
| -vs- | * | JUDGE SOLOMON OLIVER, JR. |
| CHARLES VACCARO | * | |
|    Defendants | * | DEFENDANT CHARLES VACCARO'S MOTION TO CONTINUE TRIAL |
| * * * | | |

Now comes the Defendant, Charles Vaccaro, by and through undersigned counsel, and herby moves this Court to continue the trial currently scheduled for June 3, 2024.

On July 19, 2019, a criminal complaint was filed against Mr. Vaccaro (Doc. #1). Due to numerous continuances, the case remained in limbo until the filing of an indictment on July 23, 2020 (Doc. #21), with a Superseding Indictment being filed April 29, 2021 (Doc. #78). During the above time frame several attorneys entered their appearances but subsequently withdrew. On March 3, 2021, a newly retained attorney entered his appearance on behalf of Mr. Vaccaro (Doc. # 64), but on April 26, 2023, moved to withdraw, which this Court permitted June 5, 2023. On June 5, 2023, undersigned counsel was appointed. Counsel received discovery on August 23, 2023.

In September, October and into November, counsel had three murder trials, with the first two proceeding to trial and the third resolving the morning of trial. Throughout this time period, and into November and December, counsel spent time reviewing the discovery that he had received, which had all been downloaded onto a 5TB hard drive. Reviewing the discovery meant going through each document at a time, of which there were approximately two hundred and eighty thousand pages, which does not include telephone extracts, content of numerous

email accounts and numerous other items of discovery. This was basically an exercise of futility. For example, if counsel had been able to spend twenty hours a week from November until May, a period of six months, he would have had twenty-eight weeks to review discovery. That would be 560 hours. Counsel would have had to review ten thousand pages a week to get through the two hundred and eighty thousand pages, not leaving any time for reviewing the phone extracts or other discovery provided on the discovery hard drive nor time to meet with Mr. Vaccaro or prepare for trial. Realizing the futility of his actions, in January 2024, counsel reached out to the National Litigation Support Team (NLST), Administrative Office of the U.S. Courts, Federal Public Defender. The purpose of seeking their assistance was to be able to identify issues related to the collection, production, and management of the electronically stored information and digital evidence provided in this case. With their assistance and technology, counsel is now able to search, review, and analyze the digital evidence that he has been provided in this case. However, to get prepared for the assistance of NLST, additional hard drives had to be created and then provided to NLST, who then began to work with counsel. It was not until the end of March that the current technology became available to counsel. To get the optimum assistance to be able to fully review the discovery, NLST has referred counsel to Case Point. They have been provided with a hard drive containing the discovery in this matter. On April 12, counsel was informed by case point that there are 13 UFDRs in the "Phones Taint and Explicit Restricted" folder. The total size of all UFDRs is around 134 GB. For case point to process all of them, it could take up to a month to complete.

      Given the voluminous nature of the digital discovery the government has provided, this assistance was required. Throughout February and March, counsel has continued to work with the NLST, and others, to be able to organize, review and understand the discovery provided to

him. Counsel is only now able to fully review the discovery that he has received. During that time, in February and March, counsel again had two murder cases that proceeded to trial.

To be able to effectively represent Mr. Vaccaro, and to review the digital discovery with him, counsel will need to travel to Miami, Fl. where Mr. Vaccaro lives. As Mr. Vaccaro is indigent, he does not have the funds to travel to Ohio. The digital discovery that has been provided in this case is document intensive. It is impossible to be able to prepare for a complex litigation matter such as this case without the extensive input from Mr. Vaccaro. This will require that counsel meet with Mr. Vaccaro on several occasions in Florida. As set forth above, counsel is just now at a point where he can thoroughly review the discovery and begin to determine those experts that will be needed in this case to ensure that Mr. Vaccaro is able to fully defend himself at trial.

Given the complex nature of this case, as well as the voluminous amount of discovery which counsel has been provided, it is requested that the trial date currently set be continued. This motion is not meant to unduly delay this matter, nor has counsel been dilatory in his preparation. For the past several months counsel has been working with those experts who are able to assist him in managing the amount of the discovery to identify issues related to the collection, production, and management of electronically stored information and digital evidence. Counsel appreciates that the trial is not scheduled to start until June 3, 2024. But given the amount of work to be completed, including managing the discovery and identifying issues, traveling to Florida to meet with Mr. Vaccaro, and identifying and obtaining experts to assist in this complex case, additional time is required to ensure that Mr. Vaccaro receives a fair trial and the effective representation which will fulfill the sixth amendment responsibilities.

For the reasons set forth above, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

Specifically, pursuant to 18 U.S.C. § 3161(h)(7)(B), it is Mr. Vaccaro's position that a failure to grant a continuance of the trial in this matter would deny him the reasonable time necessary for effective preparation taking into account the complex nature of the case, the voluminous amount of discovery, and that undersigned counsel has acted with the exercise of due diligence during his representation of Mr. Vaccaro. This motion is made on behalf of Mr. Vaccaro and with his understanding and permission. Counsel has notified Assistant United States Attorney Alejandro Abreu that he will be filing this motion for a continuance of the trial.

WHEREFORE, Mr. Vaccaro requests that his trial of June 3, 3024, be continued.

Respectfully submitted,

/S/ NATHAN A. RAY
NATHAN A. RAY #0041570
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
330-253-7171  -  330-253-7174 fax
burdon-merlitti@neo.rr.com

PROOF OF SERVICE

I hereby certify that on April 19, 2024, a copy of the foregoing Defendant Charles Vaccaro's Motion to Continue Trial was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/S/ NATHAN A. RAY
NATHAN A. RAY
Attorney for Defendant