IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CASE NO. 1:20CR392-1 |
| Plaintiff, | * | |
| -vs- | * | JUDGE SOLOMON OLIVER, JR. |
| CHARLES VACCARO | * | |
| Defendants | * | DEFENDANT CHARLES VACCARO'S MOTION TO TRANSFER VENUE PURSUANT TO FED.R.CRIM.PROC.21 |
| | * * * | |

Defendant Charles Vaccaro, by and through counsel, submits this memorandum of law in support of his motion that this Court exercise its discretion to transfer his case to the Southern District of Florida pursuant to Fed. R. Crim. Proc. 21. As the defense has continued to review discovery in this matter for trial in this District, it has become clear that the Court should transfer this case to the Southern District of Florida. Under the Federal Rules of Criminal Procedure, this Court has broad discretion to order a change of venue for the convenience of the parties, victims, and witnesses, and in the interest of justice. Rule 21(b) provides that "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties, any victim, and the witnesses, and in the interest of justice."

## I.    BACKGROUND

On April 29, 2021, a federal grand jury returned an indictment charging Charles Vaccaro, together with five codefendants, in a Nineteen Count Indictment as follows: Count 1, Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. § 371; Counts 2-10, Securities Fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and Title 17 C.F.R. § 240.10b-5; Count 11, Securities

Fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and Title 17 C.F.R. § 240.10b-5; Count 12, Securities Fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and Title 17 C.F.R. § 240.10b-5; Counts 13-14, Securities Fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and Title 17 C.F.R. § 240.10b-5; Count 15, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349; Counts 16-18, Wire Fraud, 18 U.S.C. § 1343; Count 19, Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h).  Mr. Vaccaro was named in Counts 1, 2-8, 10, 15, 16-18 and 19.  The government has alleged that Mr. Vaccaro and codefendants controlled outstanding shares of  relevant publicly traded companies, and in doing so manipulated these companies to their benefit.

The United States Supreme Court has noted that "[q]uestions of venue in criminal cases . . . are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed." *United States v. Johnson*, 323 U.S 273, 276 (1944).  Indeed, our Constitution *twice* mandates that an individual accused by the federal government of a crime has the right to be tried in the district in which the alleged offense was committed. U.S. Const. art. III, §2, ¶. 3; U.S. Const. amend. VI.  Article III, Section 2 of the Constitution provides that trials for federal crimes "shall be held in the State where said Crimes shall have been committed."  Similarly, the Sixth Amendment provides that the criminally accused have a right to a speedy and public trial "by an impartial jury of the state and district wherein the crime shall have been committed…"  Additionally, Rule 18 of the Federal Rules of Criminal Procedure states, "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed."  With this guaranteed right, the rules also permit this Court to transfer jurisdiction for several reasons, including the interest of justice.

The indictment alleges that this conspiracy took place from January 2014 through July 19, 2019.  This is a nineteen-count indictment, with the counts being set forth over sixty-five pages.  On page 17 of the indictment, which starts Count 1, it is set forth that the dates of the conspiracy are from January 2014 through July 19, 2019, and that they occurred in the Northern District of Ohio (Doc. #78, Superseding Indictment, Page ID #475).  However, it further appears from the indictment that the actions did not occur in Ohio until July, 2019.  The overt acts related to the Conspiracy to Commit Securities Fraud begin with the date of June 2, 2014 (Doc. #78, Superseding Indictment, Page ID #480).  They end with the dates of July 16-19, when the government, with the  assistance of FBI agents and a government-controlled bank account finally allege acts within the Northern District of Ohio (Doc. #78, Superseding Indictment, Page ID #520-21).  A criminal complaint was filed against Mr. Vaccaro on July 19, 2019, the last date of the alleged conspiracy herein (Doc. #1).

In Counts 2-11, Securities Fraud, it appears from the indictment that no part of the allegations in those counts are alleged to have transpired in Ohio, other than the statement that they did happen there (Doc. #78, Superseding Indictment, Page ID #511-12).  Counts 11-14, all Securities Fraud, in which Mr. Vaccaro is not named, alleges, without more, that actions occurred in the Northern District of Ohio (Doc. #78, Superseding Indictment, Page ID #511-12).  Count 15, Conspiracy to Commit Wire Fraud, appears to allege an act which occurred in July of 2019 as previously set forth.  Counts 16-18,  Wire Fraud, specifically rely on the dates of July 17 and 18, 2019 as previously set forth above (Doc. #78, Superseding Indictment, Page ID #518-19).  Count 19, Conspiracy to Launder Monetary Instruments, again relies upon the dates of July 17-19, 2019, and the actions of government agents and a government bank account (Doc. #78, Superseding Indictment, Page ID #511-12).

## II. THE COURT SHOULD TRANSFER VENUE TO THE SOUTHERN DISTRICT OF FLORIDA.

The Federal Rules of Criminal Procedure allow for transfer of venue for trial (1) "if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there," or (2) "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Fed. R. Crim. Proc. 21. As the Sixth Circuit has noted, transfer of venue under Rule 21 is discretionary. *United States v. Sypher*, 684 F.3d 622, 627 (6th Cir. 2012). In *United States v. Haley*, 504 F. Supp. 1124, 1125 (E.D. Pa. 1981), the Court noted that, "the mere fact of proper venue in the district where the Government brings the prosecution does not require that trial be held therein." (transferring conspiracy prosecution to Northern District of Georgia). In *United States v. Fritts*, No. CR05-00216, 2005 WL 3299834, at *2 (N.D. Cal. Dec. 6, 2005), the Court stated that, "there is no presumption in criminal cases in favor of the government's choice of forum."

In considering a Rule 21(b) motion, courts typically look to the factors that the Supreme Court first mentioned and implicitly accepted (but not expressly adopted) in *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964). The *Platt* factors are: (1) location of [the] defendant;[1] (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district . . . involved; and (10) any other special elements which might affect the transfer.[1] *Platt*, 376 U.S. at 243-44. A defendant is

---

[1] Although *Platt* referenced "corporate defendant," courts have expanded this factor to include the location of individual defendants as well. *E.g., United States v. Jordan,* 223 F.3d 676, 685 (7th Cir. 2000); *United States v. Maldonado–Rivera,* 922 F.2d 934, 966 (2nd Cir. 1990).

not required to establish truly compelling circumstances for a change of venue.  In *In re Balsimo*, 68 F.3d 185, 187 (7th Cir. 1995), the Court stated "[i]t is enough if, all relevant things considered, the case would be better off transferred to another district."

### A.  The *Platt* Factors Weigh Heavily in Favor of Transfer to Florida

In the instant case, the *Platt* and other relevant factors weigh heavily in favor of transferring this action to the Southern District of Florida, which is the primary location of the events at issue, the location with the largest number of possible witnesses, the most convenient location for the vast majority of likely defense witnesses, and the location where Mr. Vaccaro, and all of the Defendants, reside.  It stands to reason that litigation would be much more efficient and convenient if carried out in the district containing the people, places, and documents at issue.

The Defendants location supports a transfer to Florida.  The Supreme Court declared long ago that venue statutes should, whenever possible, be construed so as to permit trial at the residence of the defendant; this is because of the unfairness and hardship to which trial in an environment alien to the accused exposes him as well as the important policies underlying the venue provisions of the Constitution and Bill of Rights. *United States v. Johnson*, 323 U.S. 273 (1944); *United States v. Cores*, 356 U.S. 405, 410 (1958) (relying on the "policy of relieving the accused, where possible, of the inconvenience incident to prosecution in a district far removed from his residence").

Courts have found, despite a defendant's lack of a right to a trial in their home district, that "a defendant should be tried in a court close to where the defendant lives." *United States v. Ferguson*, 432 F. Supp. 2d 559, 562-64 (E.D. Va. 2006) (citing *United States v. Lenihan*, 19 F.3d 1430 (4th Cir. 1994) (transferring case to defendant's home district in interests of justice)); *United States v. Martino*, 2000 WL 1843233, at *6 (S.D.N.Y. Dec. 14, 2000) (transferring case

to district where defendant resides and stating "[c]ourts in this district have accorded 'greater weight to the defendant's interest in being tried in the district of his residence than to any other factor.'"); *United States v. Russell*, 582 F. Supp. 660, 662 (S.D.N.Y. 1984) (reasoning that "wherever possible, defendants should be tried where they reside").  As this Court is aware, there has been and will continue to be extreme difficulty in transportation and lodging, as well as the ability to provide for Mr. Vaccaro as well  as the other remaining Defendants while in Cleveland for two and a half to three weeks for the trial.

All of the events that transpired in this case from 2014 till 2019 transpired in Florida. The government sets forth in the indictment twelve relevant entities and bank accounts (Doc. #78, Superseding Indictment, Page ID #460-63).  Of those twelve, ten have their principal place of  business in Florida.  The other two have their principal place of business in Delaware.  The government lists six relevant publicly traded companies (Doc. #78, Superseding Indictment, Page ID #463-65).  Five list their principal place of business as Florida, the one remaining list's its principal place of business as Wyoming.  The events set forth in the indictment began in 2014 until July 2019.  It stands to reason that the location of possible witnesses for the Defendants would be available in Florida and not Ohio, that the location of events likely to be in issue will be in Florida, and the location of documents and records likely to be involved will be in Florida. In considering the expense to the parties, as set forth above, Mr. Vaccaro, and remaining Defendants, reside in Florida.  There will be considerable expense to all three of the Defendants to have to change their lives for the duration of the trial.  What this means is that the Defendants will have to reside in Cleveland, not be able to return home, and have the expense of  being here. Counsel is located in Akron, while Mr. Vaccaro resides in Miami, Florida.  The ability to meet to prepare for the case is limited, which involves the requirement of funds for travel, food and

lodging.  Should this case be transferred to the appropriate venue, which is Florida, counsel from

Florida can be appointed  to represent  the Defendants, and will allow for all Defendants to be

able to meet with their counsel.  Mr. Vaccaro submits that the court in the Southern District of

Florida is accessible and that the docket conditions of the districts should not be a hurdle to

transfer.

It would appear that Ohio was chosen as a venue *solely* for the convenience of the

government.  It would further appear that the overt acts in consummation of the conspiracy

occurred in Ohio were primarily the ones initiated by the government, and the conspiracy had no

effect in Ohio.  Moreover, it was never intended to have any effect there.  The government and

the agents acting on its behalf knew when making alleged contacts with the Defendants that all

of the actions were meritless, as a criminal complaint was filed against Mr. Vaccaro on July 19,

2019, the last date of the alleged conspiracy herein (Doc. #1).

## IV.    CONCLUSION

In light of the forgoing, Defendant Charles Vaccaro, respectfully requests that this

Court exercise its discretion to transfer his case to the Southern District of Florida.

Respectfully submitted,


*/S/  NATHAN A. RAY*
NATHAN A. RAY #0041570
Attorney for Defendant
137 South Main Street, Suite 201
Akron, Ohio 44308
330-253-7171   -   330-253-7174 fax
burdon-merlitti@neo.rr.com

<u>PROOF OF SERVICE</u>

I hereby certify that on May 10, 2024, a copy of the foregoing Defendant Charles Vaccaro's Motion to Transfer Venue Pursuant to Fed.R.Crim.Proc. 21 was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

*/S/ NATHAN A. RAY*
NATHAN A. RAY
Attorney for Defendant