IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO.: 1:20CR392 |
| | ) |
| Plaintiff, | ) JUDGE SOLOMON OLIVER, JR. |
| | ) |
| v. | ) |
| | ) |
| CHARLES VACCARO, et al., | ) OMNIBUS RESPONSE IN OPPOSITION |
| | ) TO DEFENDANT'S PRETRIAL |
| Defendants. | ) MOTIONS |

The United States of America, by and through undersigned counsel, submits its omnibus response in opposition to Defendant Vaccaro's motion to transfer venue (Doc. 337), and Defendant Berlly's motions to sever (Doc. 338) and to dismiss for improper venue (Doc. 339). After litigating this case in this District for nearly four years, Vaccaro now claims it would be more convenient to transfer it to the Southern District of Florida. Vaccaro's motion is untimely, and therefore this Court should dismiss it. But even if the Court considers the merits of Vaccaro's request, this Court should still deny it because he has not carried his burden to show transfer would be more convenient to both parties. Defendant Berlly's related motion to dismiss fails because his co-conspirator's overt acts in this District in furtherance of the conspiracy establish venue here. Finally, Berlly's motion to sever fails for any one of three independent reasons: he cannot establish "factually specific" and "compelling" prejudice, he has not demonstrated why less drastic measures cannot cure any potential prejudice, and judicial economy favors joint trials.

I.   **BACKGROUND**

Beginning in 2014, Charles Vaccaro began his effort to manipulate the penny-stock market to enrich himself and his co-conspirators. Vaccaro principally led a multi-year pump-and-dump

scheme where he and others, including Gary Berlly, manipulated the stock of public companies that were, primarily, involved in the cannabinoid business. In July 2019, the government charged Vaccaro by criminal complaint, alleging he conspired to commit securities fraud, and that he committed securities and wire fraud. (*See* Doc. 1: Crim. Compl., PageID 1-13). The following July, a federal grand jury indicted Vaccaro, Dennis Ruggeri, and Dror Svorai with conspiracy to commit securities fraud, securities fraud, and other related charges. (*See* Doc. 21: Indictment, PageID 133-87). In April 2021, a federal grand jury returned a 19-count superseding indictment against Vaccaro, adding new co-defendants, including Gary Berlly. (*See* Doc. 78: Superseding Indictment, PageID 459-527).

The Superseding Indictment alleges that from 2014 to 2019, Vaccaro and his co-conspirators gained control of certain public companies, fraudulently inflated the share prices and trading volumes, and then orchestrated the sale and purchase of that stock at a profit. (*See* Doc. 78: Superseding Indictment, PageID 473-75). As overt acts in furtherance of the securities fraud scheme, Vaccaro's co-conspirators sent wire instructions to individuals located in the Northern District of Ohio and caused wire transfers to be initiated in the Northern District of Ohio. (*Id.* at PageID 509-10). Similarly, Vaccaro's co-conspirators caused wire transfers to be initiated in the Northern District of Ohio and caused a fraudulent agreement to be sent from the Northern District of Ohio in furtherance of their conspiracy to commit money laundering. (*Id.* at PageID 521). As noted in the Superseding Indictment, Gary Berlly helped the conspiracy by acting as a nominee for Vaccaro and took part in the manipulation of multiple stocks, including WLAB, and CLCI. (*Id.* at PageID 466). Berlly helped the conspirators obtain and conceal their control of the public company's stock to achieve the objects of the conspiracy, which included defrauding investors, obtaining investor money after fraudulently manipulating the stock to inflate its value,

and enriching the conspirators. (*Id.* at 477). Berlly also assisted with manipulating POTN and MPGR stock.

Vaccaro was first arraigned on these charges on July 30, 2020. Berlly was added to the case less than a year later in April 2021. Nearly four years after the first indictment, on May 10, 2024, Vaccaro filed his motion to transfer venue. (Doc. 337: Mot. To Transfer Venue, PageID 9622-29). On the same date, Berlly filed his motions requesting the Court sever his trial and that the Court dismiss the case for improper venue. (Docs. 338 and 339).

## II.   LAW AND ANALYSIS

### A.   The motion to transfer venue

A defendant may transfer his trial to another district if he can show either prejudice or convenience. Relevant here, Federal Rule of Criminal Procedure 21(b) allows a court, upon a defendant's motion, to transfer a case to another district for "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." But a defendant cannot make a motion at any given time. Instead, it must be made either "at or before arraignment" or "at any other time the court or these rules prescribe." Fed. R. Crim. P. 21(b).

Because Vaccaro's motion is neither timely nor meritorious, this Court should deny it.

####      1.   <u>Vaccaro's request to transfer venue comes four years too late.</u>

Rule 21 sets a deadline for making a request to transfer venue. A defendant can seek a transfer either "at or before arraignment" or "at any other time the court or these rules prescribe." *Id.*

Vaccaro blew the first deadline: he never made a motion to transfer venue at or before his arraignment. After arraignment, after understanding the allegations against him, it should have been apparent to him for all the reasons stated in his motion that litigating this case in Ohio may

3

pose problems for him. Rather than raising that concern, he chose to wait almost four years and seek relief three months before trial. If litigating this case was not inconvenient for the past four years, he provides no compelling reason why it would be inconvenient now.

And neither this Court nor the Rules set a deadline providing that Vaccaro can request a new venue three months before trial. In fact, the Sixth Circuit has upheld district courts' denial of motions to transfer venue when they were made far earlier in the case such as two or three months after arraignment. *See, e.g.*, *United States v. Micciche*, 165 F. App'x 379, 386 (6th Cir. 2006) (finding a Rule 21(b) motion filed three months after arraignment was tardy); *United States v. Blankenship*, 870 F.2d 326, 330 (6th Cir. 1988) (finding motion to transfer venue made more than two months after arraignment was untimely).

Vaccaro's motion comes too little too late. This Court should deny it as untimely. *See United States v. Tremont*, 351 F.2d 144, 146 (6th Cir. 1965) (finding a district court did not abuse its discretion in denying a tardy Rule 21(b) motion).

>    2.   <u>Even if the Court considers Vaccaro's tardy request, it should still deny his motion because he provides no compelling reason to transfer the case.</u>

Notwithstanding Vaccaro's request being untimely, this Court should deny it because he failed to carry his burden to show transfer would be more convenient for both parties.

The Court must consider the convenience to both parties and the interest of justice when faced with a Rule 21(b) motion. Fed. R. Crim. P. 21(b); *United States v. Jamal*, 246 F. App'x 351, 368 (6th Cir. 2007). The Supreme Court created several factors to guide the Court's analysis: (1) the defendant's location, (2) possible witness's locations, (3) the location of events likely to be at issue, (4) the location of documents and records likely to be involved, (5) disruption to the defendant's business, (6) expense to the parties, (7) counsel's location, (8) relative accessibility of the place of trial, (9) docket conditions of each district or division involved, and (10) any other

special elements that might affect the transfer. *Platt v. Minn. Mining & Mfg. Co.*, 376 U.S. 240, 243-44 (1964); *United States v. Micciche*, 165 F. App'x 379, 385 (6th Cir. 2006). But, at bottom, this Court can use its discretion to balance these factors and determine which are of greatest import. *United States v. Collins*, No. 91-5215, 1992 WL 31302, at *4 (6th Cir. Feb. 20, 1992). And the burden is on the defendant to show a transfer would serve Rule 21(b)'s purposes. *United States v. Tripp*, Nos. 91–5129, 91–5130, 1991 WL 203756, at *5 (6th Cir. Oct. 7, 1991).

Vaccaro has not carried that burden. None of his purported inconveniences justify transferring this case. While he now claims it is expensive to travel here and inconvenient to meet with his lawyer, he has been doing so without complaint for years. He also has no constitutional right to be tried in his home district. *See Platt*, 376 U.S. at 245-46. He further speculates that the location of possible witnesses, events likely to be at issue, and documents and records likely to be involved will all be in Florida. But not only does he fail to identify any specific examples, he can also only guess as to the location of the government's witnesses because their identities have yet to be disclosed. Vaccaro further asserts, without support, that venue was chosen solely for the government's convenience. But because this is a conspiracy case, "venue is proper in ... any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was performed." *United States v. Scaife*, 749 F.2d 338, 346 (6th Cir.1984) (citations omitted). Vaccaro's co-conspirators performed overt acts in furtherance of the conspiracy in this District, and therefore venue is proper here.

Vaccaro also makes no attempt to show that it would be more convenient to the government or in the interest of justice to transfer this case. *See Jamal*, 246 F. App'x at 369. That is because he can't. This Court has overseen this case for four years; it would waste valuable judicial

5

resources to transfer this case to a new district where a new judge would need to invest significant time to understand the case.

Ultimately, Vaccaro cannot show that convenience and the interest of justice requires this case be transferred. This Court should therefore deny his motion.

### B. The motion to sever

#### 1. Berlly's motion to sever fails because he cannot show why this Court should deviate from the normal course and try him separately.

The general rule is that defendants who are indicted together are tried together. *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002). That is because "there is almost always common evidence against the joined defendants that allows for the economy of a single trial." *United States v. Phibbs,* 999 F.2d 1053, 1067 (6th Cir. 1993).

Federal Rule of Criminal Procedure 14(a) provides an exception to that general rule. Under Rule 14(a), a court "may" sever the defendants' trials if consolidating the case for trial appears to prejudice a defendant. Fed. R. Crim. P. 14(a). To qualify for this exception, a defendant must satisfy a "heavy burden" of making "a strong showing of factually specific and compelling prejudice[.]" *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990). This requires "compelling, specific, and actual prejudice." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005); *see also United States v. Tocco*, 200 F.3d 401, 413 (6th Cir. 2000) (requiring "specific and compelling prejudice").

If a defendant meets this heavy burden to show compelling prejudice, the Court still need not grant his severance request. *See Zafiro*, 506 U.S. at 539 ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). Less drastic measures—like a limiting instruction—could cure any possible prejudice. *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (("Even where

6

the risk of prejudice is high, 'less drastic measures, such as limiting instructions, will often suffice to cure any risk of prejudice.'") (quoting *Zafiro* 506 U.S. at 539)). That is because juries are presumed capable of following instructions regarding sorting evidence and separately considering multiple defendants. *United States v. Walls*, 293 F.3d 959, 966 (6th Cir. 2002).

And then even if a defendant can show potential jury confusion, this Court must balance that against "society's interest in speedy and efficient trials." *Moore*, 917 F.2d at 221.

Berlly falls short at each juncture: he cannot establish the required level of prejudice, he makes no attempts to show that less drastic measures are insufficient, and judicial economy favors joint trials.

> 2. <u>Berlly cannot establish substantial prejudice.</u>

Mere concern about spillover evidence is not enough to establish prejudice. *United States v. Ledbetter*, 929 F.3d 338, 346 (6th Cir. 2019). In fact, "spillover evidence from one case to another does *not* require severance." *United States v. Gallo*, 763 F.2d 1504, 1526 (6th Cir. 1985) (emphasis added). Rather, the defendant must show that the spillover causes actual prejudice.

Berlly cannot make that showing. He claims it would be highly prejudicial for the jury to hear "almost exclusively" about his co-defendants during his trial. He believes that will cause the jury to attribute the actions of his co-defendants to him. But even "overwhelming evidence at trial pertain[ing] to [the co-defendant's] case" "is not enough to show specific, actual, or compelling prejudice." *United States v. Gardiner*, 463 F.3d 445, 473 (6th Cir. 2006). Just because some evidence is admissible against certain defendants and not others does not mean severance is required. *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992). Rather, a district court must presume that juries are "capable of sorting out the evidence and considering the case of each defendant separately." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993); *United States v.*

7

*Frazier*, 584 F.2d 790, 795 (6th Cir. 1978). Thus, Berlly's concerns about spillover evidence—without more—is insufficient to show substantial prejudice.

Berlly therefore fails to establish the level of prejudice that would compel this Court to sever his trial. For this reason alone, the Court could deny Berlly's motion.

        3.      <u>Berlly fails to show that less drastic measures cannot cure any potential prejudice.</u>

Even if the risk of prejudice against Berlly was high—which it isn't—this Court still need not grant his severance request. *See Zafiro*, 506 U.S. at 539. Less drastic measures, such as requesting a limiting instruction, could cure any possible prejudice. *See Driver*, 535 F.3d at 427 (("Even where the risk of prejudice is high, 'less drastic measures, such as limiting instructions, will often suffice to cure any risk of prejudice.'") (quoting *Zafiro*, 506 U.S. at 539)); *see also Walls*, 293 F.3d at 966 ("Juries are presumed to be capable of following instructions … regarding the sorting of evidence and the separate consideration of multiple defendants."). The Court should deny a defendant's request for severance "if a jury can properly compartmentalize the evidence as it relates to the appropriate defendants." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987).

Here, Berlly makes no attempt to explain why less drastic measures would not be sufficient. Juries routinely hear evidence in multi-defendant fraud trials and can render independent verdicts. Berlly gives the Court no reason to question the jury's presumptive ability to follow this Court's instructions and evaluate the evidence against each individual defendant. *United States v. Cody*, 498 F.3d 582, 588 (6th Cir. 2007) (recognizing that a limiting instruction can overcome the prejudicial effect of improper joinder); *United States v. Fernandez*, 559 F.3d 303, 317 (5th Cir. 2009) (limiting instruction that each charge against each defendant was to be considered separately was sufficient to cure any possible prejudice from joint trial).

8

Because Berlly failed to show that less drastic measures like a limiting instruction could not cure any potential prejudice, this Court should deny his motion.

              4.      <u>Judicial economy favors joint trials.</u>

Even if Berlly showed potential jury confusion—which he did not—the Court could still deny his motion because judicial economy favors joint trials. In deciding to order separate trials, the Court must weigh society's interest in the need for speedy and efficient trials. *Gallo*, 763 F.2d at 1525. As this Court has stated, "[j]oint trials are strongly favored because they promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. Holmes*, No. 1:17-CR-243, 2017 WL 11319218, at *1 (N.D. Ohio Sept. 12, 2017). Here, it would certainly be more convenient and economic for the Court to try this complex conspiracy in one proceeding. Berlly provides no compelling reason for the Court to find otherwise.

In the end, Berlly's motion to sever fails for any of these three independent reasons; this Court should therefore dismiss it.

    **C.**    **The motion to dismiss**

        1.    <u>This Court should deny Berlly's motion to dismiss because his co-conspirators established venue in this District by committing overt acts in furtherance of the conspiracy here.</u>

When considering a motion to dismiss, this Court must presume the facts alleged in the indictment are true. *See Boyce Motor Lines, Inc. v. United States*, 342 U.S. 337, 343 n.16 (1952). The government can establish venue simply by a preponderance of the evidence. *United States v. Thomas*, 74 F.3d 701, 709 (6th Cir. 1996).

The Constitution provides that venue is proper in the district in which the crime was committed. *See* U.S. Const. Art. III, § 2, Cl. 3. Federal Rule of Criminal Procedure 18 codifies that constitutional mandate.

9

Venue can be proper in more than one location. As the Supreme Court stated in *United States v. Rodriguez-Moreno*, "where a crime consists of distinct parts which have different localities the whole may be tried where any part can be proved to have been done." 526 U.S. 275, 281 (1999); *see also United States v. Lopez*, No. 1:17-CR-269, 2018 WL 1290415, at *13 (N.D. Ohio Mar. 13, 2018), *aff'd*, 769 F. App'x 288 (6th Cir. 2019) ("[A] crime with multiple acts done in multiple venues may be prosecuted anywhere where any part of that crime can be proven to have been committed.").

That is particularly true of conspiracies. In conspiracy cases, "venue is proper in ... any district where the conspiracy was formed or in any district where an overt act in furtherance of the conspiracy was performed." *United States v. Scaife*, 749 F.2d 338, 346 (6th Cir.1984) (citations omitted) (finding venue proper where overt acts in furtherance of the conspiracy were performed in the district). "A conspiracy defendant need not have entered the district so long as this standard is met." *Id.*

Here, that standard is met. Taking the factual allegations in the Indictment as true, Berlly's co-conspirators committed overt acts in furtherance of the conspiracy in this District. Specifically, Berlly's co-conspirators sent wire instructions to a broker located in the Northern District of Ohio (Doc. 78: Superseding Indictment, PageID 509) and caused wire transfers to be initiated in the Northern District of Ohio (*Id.* at PageID 510) in furtherance of their securities fraud conspiracy. Similarly, Berlly's co-conspirators caused wire transfers to be initiated in the Northern District of Ohio (*Id.* at PageID 521) and caused a fraudulent agreement to be sent from the Northern District of Ohio in furtherance of their money laundering conspiracy. (*See id.*). *See, e.g.*, *United States v. Grenoble*, 413 F.3d 569, 574 n.1 (6th Cir. 2005) (noting that "the government presented ample

evidence of wire transmissions integral to the charged crime into the Northern District of Ohio," thus finding venue proper).

Berlly's arguments to the contrary do not pass muster. He claims venue is improper under the substantial contacts test because he is not alleged to have committed any acts in Ohio. But because venue is otherwise proper for the conspiracy, "it is irrelevant whether the individual defendant entered the district." *Corral v. United States*, 562 F. App'x 399, 404 (6th Cir. 2014). And to satisfy the terms of 18 U.S.C. § 3237(a), "it is not essential that the defendant ever have been physically present in the district in question, so long as the offense continued into this district." *United States v. Zidell*, 323 F.3d 412, 422 (6th Cir. 2003) (quotation omitted).

Ultimately, venue is proper here so this Court should deny Berlly's motion to dismiss.

### III. CONCLUSION

Not only is Vaccaro's motion untimely, but he failed to carry his burden of proving that transferring this case to Florida would be convenient to both parties. Similarly, Berlly failed to carry his heavy burden of proving severance is necessary. And venue is proper here because his co-conspirators committed overt acts in furtherance of the conspiracy in this District. The United States therefore respectfully requests that each of the motions be denied.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:  /s/ Alejandro A. Abreu
Alejandro A. Abreu (OH: 0089477)
Stephanie A. Wojtasik (OH: 0097858)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3620/3856
(216) 522-2403 (facsimile)

11

Alejandro.A.Abreu@usdoj.gov
Stephanie.Wojtasik@usdoj.gov