IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CASE NO. 1:20CR392 |
| Plaintiff, | * | |
| -vs- | * | JUDGE SOLOMON OLIVER, JR. |
| CHARLES VACCARO | * | |
| Defendants | * | DEFENDANT VACCARO'S RESPONSE TO GOVERNMENTS OPPOSITION TO MOTION TO TRANSFER VENUE |
| | * * * | |

Charles Vaccaro filed with this Court a Motion to Transfer Venue to the Southern District of Florida pursuant to Fed. R. Crim. Proc. 21. (Doc. #337), to which the government responded. (Doc. #345).  The government's response is two-fold.  First, that the motion to transfer venue is untimely, and second, there is no basis to transfer the case.

As to the government's assertation of untimeliness, it is important to remember the progression of this case.  On July 19, 2019, a criminal complaint was filed against Mr. Vaccaro (Doc. #1).  Due to numerous continuances, the case remained in limbo until the filing of an indictment on July 23, 2020 (Doc. #21).  During the above time frame several attorneys entered their appearances but subsequently withdrew.  On March 3, 2021, attorney Randy Zelin entered his appearance on behalf of Mr. Vaccaro (Doc. # 64).   On April 29, 2021, a Superseding Indictment was filed (Doc. #78).  From that point on numerous continuances were granted by this Court, primarily due to the voluminous amount of discovery in this case that was to be provided to the defense as well as on going plea discussions.  On April 26, 2023, Attorney Zelin moved to withdraw from representation of Mr. Vaccaro, which this Court permitted at a hearing

1

on June 5, 2023, with the appointment of undersigned counsel.  Counsel received discovery on August 23, 2023.

Disposition of a motion for change of venue in a criminal case lies within the discretion of the trial judge.   In addition, Rule 21(d) requires that a motion to transfer be made "at or before arraignment or at any other time the court or these rules prescribe."  In this case the Court ordered that the motion for transfer be filed by a date certain which Mr. Vaccaro complied with. It is Mr. Vaccaro's position that, while none his prior attorneys filed for change of venue prior to the arraignment of either the original or superseding indictments, current counsel did timely file the motion at a time as ordered by the Court in accordance with Rule 21.

As to the basis for transfer, Mr. Vaccaro asserts that the basis for the allegations in the superseding indictment began in Miami, Florida, in 2014, and continued in Miami, Florida until July, 2019.  The government asserts that Mr. Vaccaro is just now complaining that having to travel from Florida to Ohio.  But it's important to remember, that when these proceedings first began the government had not taken Mr. Vaccaro's automobiles or yachts.  The yacht was where he was staying and how he was able to earn a living.  Once the government took that his yacht, he lost income and received appointed counsel.  While Mr. Vaccaro agrees that the courts have found that he does not have a  constitutional right to be tried in his home district,  Rule 21 does not look at transfer from  a constitutional perspective, rather "in the interest of justice".  Further, it is not just Mr. Vaccaro, but at least two other co-defendants who reside in Florida.

The government is correct that Mr. Vaccaro does not know the location of its witnesses, but given the fact that it would appear that all of  the events took place in Florida, with the exception of events in July, 2019, he would conclude that the majority of the witnesses reside in Florida.  While Mr. Vaccaro agrees that a conspiracy can be prosecuted in any district where the

conspiracy was formed or where an overt act in furtherance of the conspiracy was performed, it would appear from the indictment that the primary act the government is relying on involved an FBI agent in the Northern District of Ohio and Mr. Vaccaro's co-defendants in Florida.  Almost the entirety of the allegations occurred in Florida.

In light of the forgoing, Defendant Charles Vaccaro, respectfully requests that this Court exercise its discretion to transfer his case to the Southern District of Florida.

*/S/ NATHAN A. RAY*
NATHAN A. RAY
Attorney for Defendant

PROOF OF SERVICE

I hereby certify that on June 7, 2024, a copy of the foregoing Defendants' Response to Governments  Opposition to Motion to Transfer Venue was electronically filed.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

*/S/ NATHAN A. RAY*
NATHAN A. RAY
Attorney for Defendant

3